ROBERT WISNIEWSKI
ROBERT WISNIEWSKI P.C.
17 State Street, Suite 820
New York, New York 10004
Tel.: (212) 267-2101
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------X

| | | |
|---|---|---|
| ADAM KOWALCZYK, PIOTR JAROCKI, and JAN SUCHODOLSKI on behalf of themselves and on behalf of all others similarly situated, | : : : : | |
| Plaintiffs, | : | **Docket No.:** |
| -against- | : | **JURY TRIAL DEMANDED** |
| BACIK COMPANY OF NY INC., SLAWOMIR GORECKI, and PETER MAJCHERCZYK, | : : | |
| Defendants. | : | |

-----------------------------------------------------X

**<u>COMPLAINT</u>**

Plaintiffs Adam Kowalczyk ("<u>Kowalczyk</u>"), Piotr Jarocki ("<u>Jarocki</u>"), and Jan Suchodolski ("<u>Suchodolski</u>"), on behalf of themselves on behalf of all others similarly situated, by and through their attorneys, Robert Wisniewski P.C., as and for their Complaint against Defendants Bacik Company of NY Inc. ("<u>Bacik</u>"), Slawomir Gorecki ("<u>Gorecki</u>"), and Peter Majcherczyk ("<u>Majcherczyk</u>") (Gorecki and Majcherczyk are, collectively, the "<u>Individual Defendants</u>") (the Individual Defendants and Bacik are, collectively, "<u>Defendants</u>"), states as follows:

1

## NATURE OF THE ACTION

1.    Plaintiffs and all others similarly situated bring this action to recover unpaid wages, unpaid overtime wages, and liquidated damages, as well as reasonable attorneys' fees and costs under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 et seq.) ("FLSA"); Articles 6 and 19, and §§ 191 and 198-b of the New York Labor Law ("NYLL"), various wage orders promulgated by the New York State Department of Labor and codified in 12 N.Y.C.R.R. §§ 137-143, and the common law of the State of New York.

2.    Plaintiffs and all others similarly situated also bring this action to recover unpaid wages, unpaid overtime wages, unlawful deductions, and liquidated damages, as well as reasonable attorneys' fees and costs under the New Jersey Wage Payment Law (N.J.S.A. §§ 34:11-4.1 to 34:11-4.14) ("NJWPL") and the New Jersey Wage and Hour Law (N.J.S.A. §§ 34:11-56a to 34:11-56a41) ("NJWHL").

## PARTIES, JURISDICTION AND VENUE

3.    At all relevant times, Plaintiff Adam Kowalczyk, a former employee of Bacik, was and is a resident of the State of New York, Kings County.

4.    At all relevant times, Plaintiff Piotr Jarocki, a former employee of Bacik, was and is a resident of the State of New York, Kings County.

5.    At all relevant times, Plaintiff Jan Suchodolski, a former employee of Bacik, was and is a resident of the State of New York, Queens County.

6.    At all relevant times until about January 2020, upon information and belief, Bacik was a business corporation incorporated under, and existing by virtue of, the laws of the State of New York, having its principal place of business at 23 Meserole Ave., Brooklyn, NY

11206. From about January 2020 to the present, upon information and belief, Bacik has been a domestic business corporation incorporated under, and existing by virtue of, the laws of the State of New Jersey, having its principal place of business at 191 Mount Pleasant Ave., Newark, NJ 07104.

7.  At all relevant times herein, upon information and belief, Individual Defendant Gorecki was and is a resident of the State of New Jersey, Essex County.

8.  At all relevant times herein, upon information and belief, Individual Defendant Majcherczyk was and is a resident of the State of New Jersey, Essex County.

9.  The Individual Defendants are the owners, members, officers, and/or managers of Bacik, and as the managing-members are individually responsible for unpaid wages under the New York Business Corporation Law and New Jersey Business Corporation Act.

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, in that this action arises under the FLSA. This Court has jurisdiction over Plaintiffs' and other similarly situated employees' state law claims pursuant to 28 U.S.C. §1367 in that they form part of the same case or controversy.

11. At all relevant times herein, Defendants engage in an enterprise whose annual volume of sales made or business done was not less than $500,000, the activities of which affect interstate commerce in that the employees of Defendants employ, handle, and sell goods that have been moved in or produced for interstate commerce (including trucks, meat, and other general grocery goods), and Defendants are thus employers subject to the jurisdiction of the FLSA.

12. This Court has personal jurisdiction over Bacik because it is organized in the State of New Jersey and has its principal place of business herein. In the alternative, this Court

has personal jurisdiction over Bacik pursuant to New Jersey's long-arm statute (*See* NJ.

R. 4:4-4) and because it is authorized to do business in the State of New Jersey.

13.    This Court has personal jurisdiction over Gorecki because he resides in the State of New

Jersey.

14.    This Court has personal jurisdiction over Majcherczyk because he resides in the State of

New Jersey.

15.    Venue is proper pursuant to 28 U.S.C. § 1391(b), because substantial events giving rise to

Plaintiffs' and other similarly situated employees' claims occurred in this district.

## JURY DEMAND

16.    Plaintiffs and all others similarly situated demand a trial by jury of all issues so triable in

this action.

## FACTUAL BACKGROUND

17.    Bacik is a wholesaler of meat, grocery, and dairy products imported from Poland,

distributing its products throughout the States of New York, New Jersey, Connecticut,

Massachusetts, and Pennsylvania.

18.    Suchodolski was employed by Defendants from approximately April 2014 until May

2022 as a delivery driver. He drove a truck with a gross weight of more than 10,000

pounds, which is covered by the Motor Carrier Act ("MCA") Exemption, 29 U.S.C. §

213(b)(1). *See **McMaster v. E. Armored Services, Inc.***, 780 F.3d 167 (3rd Cir. 2015)

(affirming district court's determination that plaintiff, who drove vehicles weighing less

than 10,000 pounds, was not covered by the MCA).

19.    Jarocki was employed by Defendants from about June 2016 until December 28, 2022 as a

foreman.

4

20.    Kowalczyk was employed by Defendants from about February 2018 until about June 2023 as a laborer and for the first six months of his employment also as a driver's helper.

21.    At all relevant times herein, Defendants Gorecki and Majcherczyk were and still are the owners, directors, officers, managers, and/or majority shareholders of Bacik and have exercised financial and operational control over Bacik.

22.    As part of their wholesale business, Defendants employ several types of laborers, foremen, and drivers.

23.    Defendants operated their warehouse at 23 Meserole Ave., Brooklyn, NY 11206, until about August 2019, when it moved to 191 Mount Pleasant Ave., Newark, NJ 07104.

24.    In Brooklyn, Defendants paid all of their warehouse and cold store employees a set weekly wage regardless of how many hours they worked.

25.    In Newark, Defendants paid their warehouse and cold store employees hourly at the regular rate for all hours worked, even for hours they worked over forty in a workweek, but even then, did not pay them at the rate of time and a half.

26.    No employee was paid the spread-of-hours for days he worked over 10 hours under the NYLL.

27.    Additionally, Plaintiffs routinely complained to Defendants about not getting paid for all hours and receiving a pay raise but their concerns were ignored and led to their terminations.

*Facts Relating to Suchodolski's Unpaid Wages*

28.    Suchodolski began employment as a delivery driver with Bacik in or about April 2014 and worked until about May 2022 at $17.50 per hour. He made deliveries to the states of New York, New Jersey, Connecticut, and occasionally other states. He worked Monday

5

through Friday from 7:00 a.m. until about 5:30 p.m., but there were periods when he worked weekends and longer hours. His lunch break was paid but he worked through the lunch break. In all, he worked 52.5 hours per week.

29.     Each year, two weeks before Easter, Thanksgiving, and Christmas, Suchodolski's schedule was seven days a week. From Monday through Friday, he worked his usual schedule but in addition, he worked on Saturdays and Sundays, he worked from 7:00 a.m. to 4:00 p.m. His lunch break was paid but he worked through the lunch break. In total, he worked 70.5 hours per week.

30.     Suchodolski was routinely paid in check and cash for only 46 hours of work every week in the amount of $805 in check and $218.50 in cash. He was never paid for the hours he worked over 46 hours in a workweek whether at the regular rate or at the overtime rate.

31.     Furthermore, Suchodolski was not paid at all for the additional work that he performed on the weekends before Easter, Thanksgiving, and Christmas, whether at the regular rate or at the overtime rate.

32.     When Bacik moved its warehouse from Brooklyn to Newark, Suchodolski had to come to the warehouse every day at 6:30 a.m. so as to compensate for the longer driving time to and from New York City where the majority of the deliveries were to be made. He was not paid at all for the half hour between 6:30 a.m. and 7:00 a.m. and for the hours he worked over 46.

33.     Additionally, Suchodolski was also forced by Defendants to pay for his own parking and traffic tickets in violation of NYLL § 193 and N.J.S.A. 34:11-4.4, approximately $500 annually.

*Facts Relating to Unpaid Wages to Jarocki*

34.    Jarocki began employment as a foreman in the cold store of the warehouse in or about June 2016 and worked until about December 28, 2022. Even though he was hired as a working foreman, he did not have the authority to hire, fire, or discipline workers nor could he set their wages or days of their work.

35.    When Jarocki worked at the Brooklyn warehouse, he was paid a weekly rate of $600 in check and $375 in cash regardless of the amount of hours he worked.

36.    At the Newark warehouse, Jarocki received a weekly check for $600. Bacik paid Jarocki a minimum wage for the hours over forty in cash at the regular rate, but deducted three hours from those paid by cash. For example, if Jarocki worked for 45 hours a week, he was paid 40 hours on the check but only for two hours in cash.

37.    Jarocki worked Monday through Friday with the following schedule at the Brooklyn warehouse:

   a. Monday: 7:00 a.m. to 4:00 p.m.

   b. Tuesday: 7:00 a.m. to 5:30 p.m.

   c. Wednesday: 6:00 a.m. to 5:30 p.m.

   d. Thursday: 6:00 a.m. to 4:00 p.m.

   e. Friday: 6:00 a.m. to 2:00 p.m.

38.    Jarocki had the same schedule when Bacik moved to Newark, except that he began work at 6:00 a.m. only once a week. He started work at 7:00 a.m. for the rest of the days.

39.    However, there were periods when Jarocki worked on weekends and for longer hours. Each year, one week before July 4 and Thanksgiving, Jarocki's schedule was seven days a week. From Monday through Friday, he worked his usual scheduled but on Saturdays

and Sundays he worked from 7:00 a.m. to 4:00 p.m. on Saturday and from 7:00 a.m. to 3:00 p.m. on Sundays.

40. Each year, two weeks before Easter and Christmas, Jarocki's schedule was also seven days a week. From Monday through Friday, he worked his usual scheduled but on Saturdays and Sundays he worked from 7:00 a.m. to about 10:00 p.m.

41. At the Brooklyn warehouse, employees were given two coffee breaks and a paid 30-minute lunch break, but Jarocki always worked through these breaks. In Newark, employees were not given any paid lunch breaks.

***Facts Relating to Unpaid Wages to Kowalczyk***

42. Kowalczyk began employment as a laborer in the cold store of the warehouse in or about February 2018 and worked until about June 2023. He also worked as a driver's helper in addition to being a laborer for the first six months of his employment.

43. Kowalczyk had the same work schedule as Jarocki and for the first six months of his employment when he worked as a driver's helper, Kowalczyk worked a total of 3 hours a week more and was not paid for these 3 hours at all.

44. At the Brooklyn warehouse, Kowalczyk took a paid 30-minute lunch break. In Newark, however, he, like other workers, was not given any paid lunch breaks.

45. At the Brooklyn warehouse, Kowalczyk was paid $700 per week in cash regardless of the amount of hours he worked.

46. At the Newark warehouse, Kowalczyk was paid in cash for all hours worked, even those over 40 hours, at the regular rate. His hourly wage was $17.50.

8

*Facts Relating to Wage Violations*

47.    Plaintiffs and all others similarly situated were non-exempt employees and were subject to the higher minimum wage promulgated under the NYLL and NJWHL.

48.    The FLSA, NYLL, and NJWHL as well as the wage orders promulgated thereunder mandate that non-exempt employees be paid at least a minimum wage set by the respective federal and state departments of labor.

49.    In cases where employee is subject to both state and federal minimum wage, the employee is entitled to the higher minimum wage. At all relevant times herein, New York State and New Jersey State minimum wages were higher than the federal minimum wage.

50.    At all relevant times, the minimum wage in New York City was:

      2018: $13.00 per hour.

      2019-Present: $15.00 per hour.

51.    At all relevant times, the New Jersey minimum wage was higher than the federal minimum wage. At all relevant times, the minimum wage of New Jersey was:

      2019: $10.00 per hour.

      2020: $11.00 per hour.

      2021: $12.00 per hour.

      2022: $13.00 per hour.

      2023: $14.13 per hour.

52.    Regulation 12 NYCRR §142-2.4(a) states that "(a)n employee shall receive one hour's pay at the minimum hourly wage rate, in addition to the minimum wage required by this part for any day in which: (a) the spread of hours exceeds 10 hours ... "Regulation 12 NYCRR §142-2.18 defines "spread of hours" as "the interval between the beginning and

9

end of an employee's workday. The spread of hours includes working time plus time off or meals plus intervals off duty."

53.   The relevant wage orders promulgated by the U.S. Department of Labor, New York Department of Labor, and New Jersey Department of Labor require employers to pay their employees (drivers of trucks, such as Suchodolski) at the rate of 1½ times their regular rate of pay for all hours worked over 40 in a workweek.

54.   From the beginning of Plaintiffs' and other similarly situated employees' employments until about February 22, 2024, Defendants engaged in a scheme where they neither paid Plaintiffs and all others similarly situated the minimum wage nor paid them for all hours they worked whether at the regular rate or the overtime rate.

55.   Defendants never paid Plaintiffs Kowalczyk and Jarocki and all others similarly situated for overtime hours at the proper time and a half wage rate.

56.   Defendants never paid Plaintiff Suchodolski and all other similarly situated drivers for all hours they worked.

57.   New York Labor Law § 195.1 mandates as of 2015 that, at the time of hire and when a wage rate is changed, each employee employed by Defendants receive for signature a Wage Notice.

***Defendants' Failure to Provide Wage Notices and Wage Statements***

58.   Defendants never furnished Plaintiffs and all others similarly situated with a Wage Notice and accurate wage statements required by NYLL §§ 195.1 and 195.3. Plaintiffs, including all others similarly situated, were not given a wage notice when they were hired.

59.   Plaintiffs, including all others similarly situated, were also not given wage statements as required by the NYLL.

10

60.     In failing to provide proper wage statements and notices, Defendants have failed to comply with the law in a manner that clearly entails a concrete risk of harm to an interest identified by the New York State legislature. Defendants' failure to provide such notices trivializes the importance of these notices in protecting Plaintiffs' interest in ensuring proper pay. Despite Defendants' conduct, there is a reason why the New York legislature concluded that enacting wage notice provisions would "far better protect workers' rights and interests" than existing penalties. *See* N.Y. Spons. Mem., 2010 S.B. 8380. Written notices function as a means of apprising employees of their rights and of their employer's obligations towards them, empowering employees to advocate for themselves. Deprivation of such notices necessarily entails a significant risk of harm to the employees' concrete interest in being paid properly and timely.

61.     Here, Defendants' failure goes beyond generating a risk of harm to Plaintiffs and all others similarly situated. Defendants' conduct actually harmed Plaintiffs and all others similarly situated. Defendants' failure to provide paystubs listing all hours and rates of pay, including overtime hours and overtime rates, deprived employees of the ability to contest Defendants' calculations, allowed Defendants to hide their wrong-doing, and necessitated the current litigation to vindicate the rights of Plaintiffs and all others similarly situated. This conduct ensured Defendants' ability to further delay providing proper compensation to low wage earners entitled to protection under federal and state law. Moreover, Defendants' failure to provide wage notices allowed Defendants to hide the proper frequency of pay to employees. Defendants' failure to provide a wage notice to employees allowed Defendants to hide their responsibility and deprive employees of timely compensation.

62.     Suchodolski was paid both by check and cash, with discrepancies in overtime payment, because of a lack of clear wage statements. He was paid for 46 hours at a regular rate on the payroll check and received additional cash, but was never paid at the overtime rate for hours over forty. This lack of clarity in wage statements caused confusion, as he was not informed of his proper wage entitlements.

63.     Jarocki and Kowalczyk were paid a weekly wage regardless of hours worked in Brooklyn, and later paid hourly in Newark, but still at a regular rate for all hours worked. This inconsistency in payment methods and lack of detailed wage statements lead to confusion about their earnings and entitlements.

64.     The injury of not receiving pay was directly linked to the lack of wage notices and accurate wage statements, as Plaintiffs were not informed of their entitlement to certain pay.

65.     Proper wage notices and statements would have informed Plaintiffs of their right to certain pay, enabling them to address any discrepancies and seek appropriate compensation.

66.     Due to Defendants' failure to provide legally mandated notices such as earning statements and wage notices, Defendants were able to hide their wrongdoing from employees, and continue to attempt to hide their wrongdoing necessitating the current litigation. The failure to provide NYLL notices continues to result in delayed payment of all proper wages owed to Plaintiffs and all others similarly situated.

***Defendants' Failure to Pay Proper Wages was Willful***

67.     Defendants as employers have certain statutory obligations towards their employees, including paying employees for all of the hours they worked, paying the overtime

premium of one-and-a-half times their regular rate for each hour worked in excess of 40 per week, and making, keeping, and preserving proper payroll records.

68.   Defendants were aware of their requirement to pay Plaintiffs and all others similarly situated for each hour worked, and to pay the overtime premium of one-and-a-half times the regular rate for each hour non-truck driver employees of Bacik, including Plaintiffs, worked in excess of 40 per week.

69.   Nevertheless, Defendants failed to pay Plaintiffs and all others similarly situated their proper wages, including overtime wages. Moreover, Defendants paid workers in cash and failed to provide them with pay stubs, wage notices, and proper tax forms.

70.   Defendants also violated the MCA by forcing Suchodolski and other drivers to work beyond the maximum hours established by that Act.

71.   As such, the various violations of the law which are alleged herein were committed intentionally and willfully by Defendants.

72.   At a minimum, Defendants failed to take the necessary steps to ascertain their duties with respect to the payment of wages to their employees.

***Facts Relating to the Defendants as Joint Employers***

73.   Upon information and belief, the Individual Defendants are managing-members of Bacik.

74.   At all relevant times herein, Bacik was and is controlled by the Individual Defendants.

75.   At all relevant times herein, the Individual Defendants conducted business as Bacik.

76.   At all relevant times herein, the Individual Defendants acted for and on behalf of Bacik, with the power and authority vested in them as owners, officers, agents, and employees of Bacik, and acted in the course and scope of their duty and function as owners, managers, agents, and officers of Bacik.

77.    Plaintiffs and all others similarly situated observed the Individual Defendants coming to the warehouse, hire and discipline employees and pay their employees.

78.    At all relevant times herein, the Individual Defendants directly managed, handled, or were otherwise ultimately responsible for, the payroll and/or payroll calculations and signing or issuing checks and cash to Plaintiffs and all others similarly situated.

79.    The Individual Defendants had control over the conditions of employments of Plaintiffs and all others similarly situated, including their hiring and firing, their work schedules, the rate and method of payment of their wages, and the maintenance of their employment records.

80.    At all relevant times herein, the Individual Defendants had operational control over Bacik.

81.    As a matter of economic reality, all Defendants are joint employers of Plaintiffs and all others similarly situated; and, as a result, all Defendants, individually and collectively, and jointly and severally, are liable for all claims made herein.

## COLLECTIVE ACTION ALLEGATIONS

82.    Plaintiffs Kowalczyk and Jarocki bring this action on behalf of themselves and all other persons who were or are employed by Defendants as laborers, foremen, and drivers but did not receive the compensation required by the FLSA and the federal wage orders codified in 29 C.F.R. § 552 *et. seq*. in respect to their work for Defendants.

83.    Upon information and belief, this class of persons consists of not less than fifty (50) persons.

84.    There are questions of law and fact common to the class specifically whether the employment of Plaintiffs by Defendants is subject to the jurisdiction and the wage and

14

overtime requirements of the FLSA and the federal wage orders codified in 29 C.F.R. § 552 *et. seq.* Only the amounts of individual damages sustained by each class member will vary.

85. Plaintiffs and Defendants' other employees are similarly situated insofar as Defendants instituted a policy not to pay Plaintiffs and all others similarly situated for all regular and overtime hours worked.

86. Plaintiffs Kowalczyk and Jarocki bring FLSA claims for relief herein on behalf of themselves individually and all persons similarly situated as a collective action pursuant to the FLSA, in respect to all claims that Plaintiffs and all persons similarly situated have against Defendants as a result of their violation under the FLSA and the federal wage orders codified in 29 C.F.R. § 552 *et. seq.*

## <u>CLASS ACTION ALLEGATIONS UNDER RULE 23 FOR VIOLATIONS OF THE NYLL, NJWHL, AND NJWPL</u>

87. All Plaintiffs bring this action on behalf of themselves and all others similarly situated who were or are employed by Defendants as laborers, foremen, and drivers but did not receive the compensation required by the NYLL, NJWHL, and NJWPL. The proposed class is as follows:

a.    All non-exempt employees of Defendants who were or are employed as laborers, foremen, and drivers by Defendants within six years and seven months from the date of filing of this action (to account for Governor Andrew Cuomo's orders tolling the New York statute of limitations by seven months).

b.    Excluded from the proposed class are those employees of Defendants:

i.    Who are exempt under the NYLL, NJWHL, and NJWPL, including

without limitation Defendants' corporate officers, managers and

administrative personnel;

    ii.    Who have signed a valid general release as part of a separate court or

administrative proceeding.

88.    This class of persons consists of at least fifty persons, and the class is thus so numerous

that joinder of all members is impracticable under the standards of Fed. R. Civ. P.

23(a)(1). The exact number of members of the class who were and are waiter and bus

boys, their identity and addresses can be easily ascertainable from Defendants' payroll

and time records and other surveillance and productivity data in Defendants' possession.

89.    Moreover, damages suffered by each putative member may be so small that prosecuting

an individual claim may not be economical or practicable.

90.    Plaintiffs are members of the class.

91.    There are questions of law and fact common to the class which predominate over any

questions affecting only individual members, specifically:

    a.    Whether the employment of Plaintiffs and other employees by Defendants is

subject to the jurisdiction and the wage and overtime requirements of the NYLL,

NJWHL, and NJWPL and the wage orders promulgated thereunder; and

    b.    Whether Defendants' failure to pay their employees the proper wages, overtime

wages, and unlawful deductions of wages, violated the NYLL, NJWHL, and

NJWPL.

92.    The claims of Plaintiffs are typical of the above-described class in that all of the members

of the class have been similarly affected by the acts and practices of Defendants. The

damages sought by Plaintiffs are typical of the damages that may be sought by the class.

93.   Plaintiffs will fairly and adequately protect the interests of the members of the class, in that their interests are not adverse to the interests of the other members of the class.

94.   In addition, Defendants have acted or refused to act on grounds that apply generally to the class, so that declaratory relief is appropriate respecting the class as a whole under Fed. R. Civ. P. 23 (b)(2).

95.   A class action is superior to other available methods for the fair and efficient adjudication of the controversy under the standards of Fed. R. Civ. P. 23 (b)(3).

96.   Plaintiffs bring the second, third, fourth, fifth, and sixth claims for relief herein on behalf of themselves individually and on behalf of all persons similarly situated as a class action pursuant to Rule 23, in respect to all claims that Plaintiffs and all persons similarly situated have against Defendants for violations of the NYLL, NJWHL, NJWPL and the wage orders promulgated thereunder.

### FIRST CLAIM FOR RELIEF
#### (Unpaid Wages and Overtime Under the FLSA)

97.   Plaintiffs Kowalczyk and Jarocki and all others similarly situated repeat and reallege each and every previous allegation as if fully set forth herein.

98.   Plaintiffs Kowalczyk and Jarocki and all others similarly situated are persons covered by, and/or intended to benefit from, the provisions of the FLSA with respect to their work for Defendants.

99.   Plaintiffs Kowalczyk and Jarocki and all others similarly situated bring this claim for relief pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 206 and § 207, and the Wage Orders issued under the FLSA at 29 C.F.R. § 500 *et seq*., under which Plaintiffs and all others similarly situated were entitled to a minimum wage and an

overtime hourly wage of time and one-half their regular hourly wage for all hours worked in excess of forty hours per week.

100. Pursuant to the FLSA, Plaintiffs Kowalczyk and Jarocki and all others similarly situated were entitled to certain minimum and overtime wages, which Defendants intentionally and willfully failed to pay in violation of such laws.

101. Plaintiffs Kowalczyk and Jarocki and all others similarly situated regularly worked in excess of 40 hours per week for Defendants, but did not receive the proper overtime wages to which they were entitled for all hours worked.

102. Accordingly, Plaintiffs Kowalczyk and Jarocki and all others similarly situated seek a judgment for unpaid minimum and overtime wages, such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to, Plaintiffs and all others similarly situated, along with an award of liquidated damages, interest, attorneys' fees, and costs, as provided for by the FLSA.

## SECOND CLAIM FOR RELIEF
### (Unpaid Wages and Overtime and Unlawful Deductions Under NYLL)

103. Plaintiffs and all others similarly situated repeat and reallege each and every previous allegation previously set forth.

104. Plaintiffs, including Suchodolski, and all others similarly situated are persons covered by, and/or intended to benefit from, the provisions of the New York Labor Law with respect to their work for Defendants.

105. Pursuant to the New York Labor Law Articles 6 and 19, Labor Law §198, and the Wage Orders issued under New York Labor Law at 12 N.Y.C.R.R. §§ 137-143, Plaintiffs and all others similarly situated were entitled to certain minimum wages, regular wages, and

overtime wages, all of which Defendants intentionally and willfully failed to pay in violation of such laws.

106.  Plaintiffs and all others similarly situated regularly worked in excess of 40 hours per week for Defendants, but did not receive the proper wages and overtime wages to which they were entitled for all hours worked.

107.  New York Labor Law § 193 provides that no employer shall make any deduction from the wages of an employee, except those which are made in accordance with any rule or regulation, or are expressly authorized in writing by the employee and are for the benefit of the employee, among others.

108.  Suchodolski and all others similarly situated were made to pay approximately $500 annually for their own parking and traffic tickets in violation of NYLL § 193.

109.  Wherefore Plaintiffs and all others similarly situated seek a judgment against all Defendants for unpaid minimum, regular, and overtime wages which should have been paid, but were not paid, pursuant to the New York Labor Law and the Wage Orders issued thereunder and the other provisions of the Labor Law; the total amount of such unpaid wages to be determined at trial upon an accounting of the hours worked by, and wages paid to, Plaintiffs and all others similarly situated, along with an award of liquidated damages, attorneys' fees, interest and costs as provided under New York Labor Law §198 and §663.

## THIRD CLAIM FOR RELIEF
### (Wage Notice Violation Under the NYLL)

110.  Plaintiffs and all others similarly situated repeat and reallege each and every allegation previously set forth.

19

111.    New York Labor Law § 195.1 mandates as of 2015 that, at the time of hire and when a
        wage rate is changed, each employee employed by Defendants receive for signature a
        Wage Notice, which had to contain the following wage information: (i) the basis of the
        employee's wage rates e.g., by the hour, shift, day, week, salary piece commission or
        otherwise; (ii) the overtime rate of pay, if the employee is subject to overtime regulations;
        (iii) whether the employer will claim allowances such as tips, meals, and/or lodging
        against the minimum wage; (iv) the employer's name and any "doing business as"
        names; (v) the employer's address and mailing address, if different; and (vi) the
        employer's telephone number.

112.    Plaintiffs and all others similarly situated never received for signature the Wage Notice
        and never received any other paystubs or documents which might show the information
        required by NYLL § 195.1.

113.    Accordingly, Plaintiffs and all others similarly situated seek damages allowed by the
        statute for themselves as well as attorneys' fees, costs and disbursements.

**FOURTH CLAIM FOR RELIEF**
**(Wage Statement Violation Under the NYLL)**

114.    Plaintiffs and all others similarly situated repeat and reallege each and every allegation
        previously set forth.

115.    Pursuant to New York Labor Law § 195.3 and the Wage Order §142-3.8, employers must
        provide an accurate wage statement with each payment of wages. Wage statements must
        include, among other information "the dates of work covered by that payment of wages;
        name of employee; address and phone number of employer; rate or rates of pay and basis
        thereof" and, where applicable, the overtime rate of pay.

116. In violation of the NYLL and the Wage Order, Defendants did not furnish Plaintiffs and all others similarly situated with wage statements that show the employee's rate or rates of pay, the number of hours worked, or recorded the proper pay rate for Plaintiffs' and other employees' overtime hours.

117. Plaintiffs and all others similarly situated seek damages allowed by the statute.

### FIFTH CLAIM FOR RELIEF
**(Spread-of-Hours Violation Under the NYLL)**

118. Plaintiffs and all others similarly situated repeat and reallege each and every allegation previously set forth.

119. Regulation 12 NYCRR §142-2.4(a) states that "(a)n employee shall receive one hour's pay at the minimum hourly wage rate, in addition to the minimum wage required by this part for any day in which: (a) the spread of hours exceeds 10 hours ... "Regulation 12 NYCRR §142-2.18 defines "spread of hours" as "the interval between the beginning and end of an employee's workday. The spread of hours includes working time plus time off or meals plus intervals off duty."

120. The beginning and end of Plaintiffs' and all others similarly situated employees' shifts were routinely more than ten hours apart.

121. In violation of the New York Labor Law, Defendants did not pay Plaintiffs and all others similarly situated an extra hour of compensation every week at the minimum wage rate.

122. Wherefore Plaintiffs and all others similarly situated seek a judgment against all Defendants for unpaid spread-of-hours-wages which should have been paid, but were not paid, pursuant to the New York Labor Law and the Wage Orders issued thereunder and the other provisions of the Labor Law; the total amount of such unpaid wages to be

determined at trial upon an accounting of the hours worked by, and wages paid to, Plaintiffs and all others similarly situated, along with an award of liquidated damages, attorneys' fees, interest and costs as provided under New York Labor Law §198 and §663.

## SIXTH CLAIM FOR RELIEF
**(Unpaid Wages and Overtime and Unlawful Deduction Under the NJWPL and NJWHL)**

123. Plaintiffs and all others similarly situated repeat and reallege each and every allegation previously set forth.

124. Plaintiffs, including Suchodolski, and all others similarly situated are persons covered by, and/or intended to benefit from, the provisions of the NJWPL and NJWHL with respect to their work for Defendants.

125. Pursuant to the NJWPL, N.J.S.A. § 34:11-4.10(c), and NJWHL, N.J.S.A. §§ 34:11-56a to 34:11-56a41, Plaintiffs and all others similarly situated were entitled to at least a minimum wage and also an overtime rate for each hour of work in excess of forty hours in any week.

126. Plaintiffs and all others similarly situated regularly worked in excess of 40 hours per week for Defendants, but did not receive the proper wages and overtime wages to which they were entitled for all hours worked.

127. The NJPWL prohibits employers from withholding or diverting "any portion of an employee's wages" unless the withholdings are required by law or fall into one of eleven enumerated categories under N.J.S.A. 34:11-4.4.

128. Wherefore Plaintiffs and all others similarly situated seek a judgment against all Defendants for unpaid minimum, regular, and overtime wages which should have been

paid, but were not paid, pursuant to the NJWPL and NJWHL; the total amount of such unpaid wages to be determined at trial upon an accounting of the hours worked by, and wages paid to, Plaintiffs and all others similarly situated, along with an award of liquidated damages, attorneys' fees, interest and costs as provided under the NJWPL and NJWHL.

## PRAYER FOR RELIEF

**WHEREFORE**, it is respectfully requested that the Court assume jurisdiction herein and thereafter Plaintiffs and all others similarly situated demand a trial by jury and judgment against all Defendants as follows:

A.    A declaratory judgment that the actions, conduct and practices of Defendants complained of herein violate the laws of the United States, the State of New York, and the State of New Jersey;

B.    An award of damages in an amount to be determined at trial, plus pre-judgment interest, to compensate Plaintiffs and all others similarly situated for all monetary and/or economic damages;

C.    An award of liquidated damages pursuant to the FLSA, NYLL, NJWPL, and NJWHL for underpaid amounts; and

**[no more text on this page]**

D.  An award of costs that Plaintiffs and all others similarly situated have incurred in this

action, as well as Plaintiffs' and all others similarly situated employees' reasonable

attorneys' fees to the fullest extent permitted by law.

Together with such other and further relief that the Court deems just and proper.

Dated: New York, NY
April 17, 2025

ROBERT WISNIEWSKI P.C.

By: _/s/ Robert Wisniewski_
Robert Wisniewski
*Attorneys for Plaintiffs*
17 State Street, Suite 820
New York, NY 10004
(212) 267-2101